UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: THE ESTATE OF ) | |
| GLORIA JEAN SYKES, ) | |
| ) | |
| Debtor/Appellant. ) | |
| ) | |
| ) | Case No. 12 C 10313 |
| ) | |
| ) | Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* appeal by Gloria Jean Sykes, Debtor and Appellant, of the Bankruptcy Court's modification of an automatic stay in favor of JPMorgan Chase Bank, N.A. ("Chase"). For the reasons stated below, this appeal is dismissed.

## BACKGROUND

Sykes entered into a loan agreement with Chase on April 25, 2007, secured by a lien on a property in Chicago.[1] Sykes filed for Chapter 11 bankruptcy on September 28, 2011, in the United States Bankruptcy Court for the Northern District of Illinois, Case No. 11-39381. Sykes applied to pay the requisite filing fee in installments, and this application was granted on October 7, 2011.

On October 16, 2012, the Bankruptcy Court, during a hearing, noted that Sykes had not paid the filing fee for her Chapter 11 case. Fed. R. Bankr. P. 1006(b)(2) provides that "the court may extend the time of any installment [payment], provided the last installment is paid not later than 180 days after filing the petition." Because over a year had passed without Sykes' paying

---

[1] In Sykes's Reply brief, she raises, for the first time, the issue that Chase admitted in state court proceedings that Fannie Mae, and not Chase, is the owner of the loan. Even if Chase is not a proper party, as Sykes asserts, for the reasons stated below, this Court lacks the jurisdiction to hear this dispute, and Sykes's argument in this regard is moot.

her filing fee, and without her seeking any extensions of time to pay the fee, the Bankruptcy Court was obligated to dismiss her case and entered an order of dismissal on November 15, 2012, for failure to pay the filing fees in the prescribed time.

Previously, on October 16, 2012, the same day the Bankruptcy Court addressed Sykes's failure to pay her fee, the Bankruptcy Court entered an order granting Chase's Motion for Relief from the Automatic Stay at issue here. The automatic stay was modified "to the extent necessary to allow [Chase] to foreclose the mortgage on the property located at: 6016 North Avondale Avenue, Chicago, IL 60631." (Appellant's App. at 20.) At the October 16, 2012, hearing, the Bankruptcy Court provided: "The stay is modified on the basis that - - for many reasons, but the principal reason is that the debtor has been riding on protection against you for all this time. And it is evident that the case has to be dismissed. The court doesn't see any discretion, so there's no reason for you to continue to be barred by the stay. This case is no longer a case." (Appellant's App. at 33-34.)

On November 13, 2012, Sykes filed a Notice of Appeal from the Bankruptcy Court's October 16, 2012 Order, which modified the automatic stay in favor of Chase. On November 15, 2012, the case was dismissed in its entirety. Sykes did not file an appeal of that dismissal. Sykes filed a separate Chapter 13 Bankruptcy on January 19, 2013, Case No. 13-03416. In that case, the Bankruptcy Court terminated the automatic stay pursuant to 11 U.S.C. § 362(c)(3)(A); Sykes did not appeal that order, either.

Now, Sykes appeals the modification of the stay in this Chapter 11 case, specifically with respect to the Bankruptcy Court's October 16, 2012 Order.[2]

## LEGAL STANDARD

"An order granting relief from an automatic stay pursuant to 11 U.S.C. § 362 is final for purposes of filing an appeal." *In re Lewis*, 459 B.R. 281, 291 (N.D. Ill. 2011) (citing *In re Boomgarden*, 780 F.2d 657, 659-60 (7th Cir. 1985)). "The bankruptcy court's grant of relief from the automatic stay is reviewed for an abuse of discretion." *Colon v. Option One Mortgage Corp.*, 319 F.3d 912, 916 (7th Cir. 2003) (citing *In re Williams*, 144 F.3d 544, 546 (7th Cir. 1998)). The reviewing court examines the "bankruptcy court's factual findings for clear error and its legal conclusions *de novo*." *Freeland v. Enodis Corp.*, 540 F.3d 721, 729 (7th Cir. 2008) (citing *In re Rivinius, Inc.*, 977 F.3d 1171 (7th Cir. 1992)).

"Under 11 U.S.C. § 362, the statutory provision that imposes an automatic stay for bankruptcy actions in other proceedings, a stay may be terminated in a few circumstances . . . . Section 362(c)(2) provides that a stay under this provision 'continues until the earliest of (A) the time the case is closed; (B) the time the case is dismissed; or (C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied.'" *Dumas v. Sabre Group, L.L.C.*, Case No. 08 C

---

[2] Sykes previously appealed the decision of the Bankruptcy Court to lift the automatic stay to allow other potential creditors to proceed against Sykes in state court. In an opinion issued by this Court on September 20, 2012, the case was remanded to the Bankruptcy Court so that it could provide, in writing, the basis upon which it relied to modify the stay. *See In Re: Gloria Jean Sykes*, Case No. 12-cv-198, 2012 WL 4361572 (N.D. Ill. Sept. 20, 2012). Thereafter, the Bankruptcy Court issued a written opinion, providing its reasoning for the modification of that stay.

2424, 2008 WL 5211440, at *1 (N.D. Ill. 2008) (dismissing appeal of stay modification as moot where bankruptcy case no longer exists).

## ANALYSIS

Sykes's Chapter 11 case was dismissed on November 15, 2012. Sykes did not appeal this dismissal. Despite this, Sykes appeals the Bankruptcy Court's Order of October 16, 2012[3], which modified the automatic stay to permit Chase to begin foreclosure proceedings with respect to Sykes's mortgage on the property at 6016 North Avondale Avenue, Chicago, Illinois.

Once Sykes's Chapter 11 case was dismissed, the stay ceased to exist. 11 U.S.C. § 362(c)(2)(B). Therefore, "[b]ecause there is no stay, the appeal of the bankruptcy court's order granting relief from the stay is moot. It is simply impossible for this court to grant [Appellant] the relief requested." *In re Robenson*, Nos. 88 C 5937, 88 B 5351, 1991 WL 274462, at *3 (N.D. Ill. Dec. 13, 1991).

> The general law, as well as the law in this circuit, has long been established that if pending an appeal an event occurs which renders it impossible for the appellate court to grant any relief or renders a decision unnecessary, the appeal will be dismissed. . . . 'There must be an actual controversy: an appeal will not be entertained to determine moot questions, and it will be dismissed, therefore, if by act of the parties or otherwise the circumstances have so changed that it is impossible or unnecessary for the appellate court to grant relief.'

*Fink v. Continental Foundry and Machine Co.*, 240 F.2d 369, 374 (7th Cir. 1957), *cert. denied*, 354 U.S. 938 (1957) (quoting *Selected Products Corporation v. Humphreys*, 86 F.2d 821, 823 (7th Cir. 1936)).

---

[3] Sykes filed her appeal on November 13, 2012, 28 days after the Order was entered. Pursuant to Fed. R. Bankr. P. 8002(a), an appeal from a final bankruptcy order must be filed within 14 days from the entry of the order. This deadline is mandatory and jurisdictional. *In re Lewis*, 459 B.R. 281, 291 (N.D. Ill. 2011) (citations omitted). Sykes failed to meet this deadline; therefore, on this independent basis, Sykes's appeal is dismissed for lack of jurisdiction.

4

Here, no actual controversy exists; the Chapter 11 case was dismissed, and Sykes did not file a timely appeal of that dismissal. Accordingly, the automatic stay no longer exists; and, therefore, any appeal of the automatic stay, or orders modifying the stay, are moot. Even if the Bankruptcy Court's modification of the automatic stay on October 15, 2012, was in some way erroneous, there is no basis upon which this Court could redress the error, as the case has been dismissed.

## CONCLUSION

For the reasons set forth above, Sykes's appeal of the Bankruptcy Court's October 15, 2012 Order is dismissed as moot.

Date:   August 15, 2013

JOHN W. DARRAH
United States District Court Judge